IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MONTARRIS RAIFORD                                                                                    PETITIONER
ADC # 101319

V.                                CASE NO. 5:19-CV-00245-KGB-JTK

DEXTER PAYNE, Director[1]                                                                          RESPONDENT
Arkansas Department of Correction

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

---

[1] Dexter Payne, replaced Wendy Kelley as Director of the Arkansas Department of Correction. Pursuant to Fed. R. Civ. P. 25(d), Dexter Payne is automatically substituted as Respondent in this matter.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

For the reasons explained below, it is recommended that Petitioner's Petition for Writ of Habeas Corpus (DE # 2) be DISMISSED with prejudice.

## Background

Petitioner entered into a negotiated plea of guilty to second-degree murder on July 17, 2018, in the Mississippi County (Arkansas) Circuit Court. (DE # 8-2) He was sentenced to 240 months and an additional 120 months suspended imposition of sentence in the Arkansas Department of Correction. *Id.* Petitioner did not file for post-conviction

relief pursuant to Ark. R. Crim. P. 37.  Rather, on January 16, 2019, he filed a Pro Se Petition for Writ of Error Coram Nobis; Petition for Declaratory/Injunctive Relief; Motion for Evidentiary Hearing, etc.; the petition/motion was denied by the trial court on March 1, 2019, for being untimely.  (DE # 8-9)   Petitioner did not appeal the trial court's order.

On July 31, 2019, Petitioner filed his pro se habeas petition pursuant to 28 U.S.C. § 2254.  (DE # 2) Petitioner asserts the following claims: (1) his plea was not voluntary or intelligent because the crime could only amount to manslaughter as it was not deliberate;[2] (2) his trial counsel and the judge violated his Fourteenth Amendment rights by failing to explain the difference between murder and manslaughter; (3) the State vindictively selected him for prosecution; (4) violation of his Sixth and Fourteenth Amendment rights to a speedy trial due to "being forced" to await a mental health evaluation, which ultimately benefitted the State in securing his guilty plea; (5) violation of his Fourth and Fourteenth Amendment rights against unreasonable search and seizure as a result of a defective search warrant; and (6) he was denied the right to confront a key witness against him.  *Id.* Respondent filed his Response on September 4, 2019, arguing the petition should be dismissed with prejudice because Petitioner's claims are procedurally defaulted, and furthermore, because his claims of trial error are waived by his guilty plea.  (DE # 8) Petitioner filed his Reply on September 18, 2019, arguing that his claim of actual innocence excuses his procedural default.  For the reasons set forth below, it is recommended that Petitioner's claims be denied and his habeas petition be dismissed with prejudice.

---

[2] Petitioner structures this claim as an "actual innocence" claim; however, it is clearly a challenge to his guilty plea.

3

Discussion

A. Procedural Default

Before seeking federal habeas review, a state prisoner must fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also* 28 U.S.C. § 2254(b) and (c). A habeas petitioner who cannot present his federal claims in state court due to untimeliness or some other state procedural hurdle meets the technical requirements for exhaustion because there are no longer any state remedies that are available to him. *Grass v. Reitz*, 643 F.3d 579, 584 (8th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 732 (1991)). "However, that petitioner's procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief absent a showing of either cause or prejudice or actual innocence." *Id.* (internal citations omitted). "[W]e ask not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). To meet this fair presentation requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims.

"[A] state prisoner who fails to satisfy state procedural requirements forfeits his right to present his federal claim through a federal habeas corpus petition, unless he can meet strict cause and prejudice or actual innocence standards." *Clemons v. Luebbers*, 381 F.3d 744, 750 (8th Cir. 2004). "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule.'" *Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). There is no "'exhaustive catalog of [the] objective impediments,'" nor have "the precise contours of the cause requirement been clearly defined." *Ivy v. Caspari*, 173 F.3d 1136, 1140 (8th Cir. 1999) (quoting *Murray*, 477 U.S. at 488). "At a minimum, however, [Petitioner] must show that 'something external to [him], something that cannot be fairly attributed to him,' caused the procedural default." *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). Moreover, a petitioner's pro se status, lack of education, below-average intelligence, or any unfamiliarity with the intricacies of the law or legal procedure are not sufficiently external to constitute cause excusing a procedural default. *Sherron v. Norris*, 69 F.3d 285, 289 (8th Cir. 1995); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992); *Smittie v. Lockhart*, 843 F.2d 295, 298 (8th Cir. 1988).

Here, Petitioner did not challenge the legality of his sentence in state court, nor did he file a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37.1 or seek appellate review of the order denying his untimely post-conviction petition/motion. By failing to do so, he failed to develop the factual basis for his claims in state court

proceedings as required by 28 U.S.C. § 2254(e)(2), and therefore, his claims are procedurally defaulted. Furthermore, Petitioner has not established cause for the default and actual prejudice because of the alleged violations of federal law. Petitioner argues in his Reply that his procedural default is excused by his claim of actual innocence. To invoke the "fundamental miscarriage of justice" exception to showing cause and prejudice for a defaulted claim, Petitioner must "present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). "[A] claim of 'actual innocence' is . . . a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Mansfield v. Dormire*, 202 F.3d 1018, 1024 (8th Cir. 2000) (internal citations omitted). Rather than presenting new evidence, the Petitioner simply argues that the actual innocence exception applies in his case because his defense attorney and the trial judge failed to explain the difference between second-degree murder and manslaughter. What is abundantly clear from the transcript from his plea hearing is that the trial judge informed him of the nature of the offense to which he was pleading guilty:

> The Court: [The State] has moved to reduce the charge to the charge of Murder Second Degree, and the State now alleges that on or about August 5th, 2015, with the *purpose of causing serious physical injury to another,* you caused the death of that person.

(DE # 8-4 pg. 7-8) Therefore, contrary to the claims of the Petitioner, the trial judge explained the *mens rea* required for second-degree murder, and the Petitioner acknowledged such and still rendered a plea of guilty to the offense. The Petitioner has

6

not offered any new evidence to establish his actual innocence; therefore, the fundamental miscarriage of justice exception does not apply in this case. Petitioner's claims are procedurally defaulted, and there exists no exception that serves to excuse the default; his petition should be dismissed.

   B.  Non-Cognizable Claims

The United States Supreme Court has held "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The standard of competency of counsel set forth in *McMann v. Richardson*, 397 U.S. 759, 771 (1970), is that a prisoner must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases." All of Petitioner's claims, except one, involve alleged deprivation of rights that occurred prior to the entry of his guilty plea, and therefore, are waived by such guilty plea and are not cognizable in a federal habeas action. Lastly, Petitioner's claim that his guilty plea was not voluntary or intelligent because he plead guilty to a crime that "at worst" could only amount to manslaughter because he lacked the intent to commit second-degree murder, is nonsensical. Petitioner never alleges any error in his counsel's performance that

had any effect on the voluntary and intelligent nature of his guilty plea; this claim is non-cognizable as well and should be dismissed.

## Certificate of Appealability

When entering a final order adverse to the Petitioner, the Court must issue or deny a certificate of appealability. Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if Petitioner has made a substantial showing that he was denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis for issuing a certificate of appealability.

## Conclusion

Based on the foregoing, it is recommended that the instant habeas petition (DE #2) be denied and dismissed with prejudice and that a certificate of appealability be denied.

SO ORDERED this 1st day of October, 2019.

_____
UNITED STATES MAGISTRATE JUDGE